UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M Company,                                                  Civ. File No. 07-3198 (PAM/JSM)

                 Petitioner,

v.                                                        **MEMORANDUM AND ORDER**

Amtex Security, Inc. d/b/a Amtex Global
Services,

                 Defendant.

This matter is before the Court on Petitioner 3M Company's ("3M") Motion to Compel Arbitration. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Pursuant to a Master Agreement and Sub-Agreement, Defendant Amtex Security, Inc. ("Amtex"), an "Integrated Service Provider or "ISP," agreed to provide various administrative, technical, and professional services to 3M at 3M's Greenville, South Carolina, plant. The contract's fixed price was $7,128,224.40. According to the Sub-Agreement, the parties were to meet every third month to calculate the "actual spend," and if the actual spend fell outside specified control limits the Sub-Agreement stated that the parties "will jointly investigate and determine the cause of the variation." In Article 4.D., the Sub-Agreement further specified:

> In the event OWNER and ISP cannot agree on any of the following: a). whether a variation has occurred; b). the cause of any variation; or c). the value of a change order amendment, such matter(s) shall be referred to the dispute resolution procedures in the Master Agreement for resolution. If OWNER and

> ISP cannot reach agreement through the informal means of the dispute resolution process, the parties will refer the matter to arbitration in St. Paul, Minnesota, under the rules established by the American Arbitration Association for final determination. . . .

The Master Agreement also contained a "Disputes" clause stating that either party had a right to pursue "any legal remedy" if disputes "arising out of or attributable to the interpretation of the Agreement" could not be resolved through ADR, and a "Changes and Extra Work" clause stating that disputes over extra work done at 3M's direction were to be governed by the "Disputes" clause. There appears to be no disagreement that South Carolina law governs any disputes.

3M contends that in November 2006 it discovered that Amtex had not been paying its vendors. 3M alleges that it paid Amtex $5,350,704 through November 2006 and that Amtex had paid its vendors $3,802,599—a difference of $1,548,105. The parties terminated their agreements effective December 31, 2006.

According to Amtex, 3M required Amtex to provide services outside the contract. By letter of March 2, 2007, Amtex demanded $1,650,000 from 3M in quantum meruit, or in the alternative stated that it was entitled to a $1,102,896 "equitable adjustment under Article 4 of the contract." 3M, meanwhile, accused Amtex of misappropriation.

On March 30, 2007, Amtex commenced an action against 3M in the Southern District of Texas alleging unjust enrichment, breach of contract, breach of the duties of good faith and fair dealing, and tortious interference with contractual relations. On July 2, 2007, 3M filed a Demand for Arbitration with the American Arbitration Association in which it sought

$1.3 million from Amtex and/or "an order from the panel requiring Amtex to pay its subcontractors pursuant to its agreement with 3M." Because 3M had demanded arbitration, on July 17, 2007, the Texas court granted 3M's motion to stay the Texas action "in its entirety until Monday, September 24, 2007." 3M then filed the instant Motion, seeking to compel Amtex to arbitrate the dispute pursuant to terms of the parties' agreements.

**DISCUSSION**

The Federal Arbitration Act (FAA) applies to any arbitration clause in a contract involving interstate commerce. 9 U.S.C. § 2. When a clause is challenged, the FAA limits the district court's initial role in any challenge to an arbitration agreement to deciding whether the parties made an agreement for arbitration or whether there was failure to comply with the agreement to arbitrate. MedCam, Inc. v. MCNC, 414 F.3d 972, 975 (8th Cir. 2005). "Regardless of the scope of the arbitration agreement, the district court's initial inquiry under 9 U.S.C. § 4 remains an expeditious and summary hearing, with only restricted inquiry into factual issues." Id. (citation and quotation omitted). The agreement "is given a liberal interpretation, with any doubts resolved in favor of arbitration." Id.

3M contends that its demands and Amtex's claims both fit within the arbitration clause applicable to disputes over variations and change orders. The crux of Amtex's position is that the arbitration clause is too narrow to apply to the dispute at issue.[1] Amtex

---

[1] Amtex also generally asserts that there was no contract between the parties. Amtex's position is without merit because "the issue of the contract's validity is considered by the arbitrator in the first instance." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006).

further asserts that conditions precedent to arbitration, i.e. holding quarterly meetings on issues related to the "actual spend," did not occur.

However, "challenged procedural arbitrability determinations must be conducted in light of the established principle that such issues should be left to the arbitrator to decide." Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 748 (8th Cir. 1986).  Further, while it is true that the clause does not broadly require arbitration of "any" or "all" disputes, it is not as narrow as in situations where disputes were found not to be arbitrable.  See Twin City Monorail, Inc. v. Robbins & Myers, Inc., 728 F.2d 1069, 1073-74 (8th Cir. 1984) (arbitration limited to objection to "item" in inventory); Gelco Corp. v. Baker Indus., Inc., 779 F.2d 26, 28 (8th Cir. 1985) (arbitration limited to financial statement adjustments); see also MedCam Inc., 414 F.3d at 975 & n.3 (explicitly distinguishing decision in Twin City Monorail as being "confined . . . to narrowly drawn arbitration clauses covering only particular disputes").

The bottom line is that regardless of how the parties characterize their claims, they are variations or changes to what was spent in furtherance of the contract.  Given the Court's limited inquiry at this stage, the fact that doubts are resolved in favor of arbitration, and the "liberal interpretation" that arbitration agreements are to receive, see MedCam, Inc., 414 F.3d at 975, the Court concludes that these disputes are arbitrable pursuant to the parties' agreements.

**CONCLUSION**

3M has established that disputes between it and Amtex fall within the parties'

arbitration agreement. Accordingly, **IT IS HEREBY ORDERED that** 3M's Motion to Compel Arbitration (Docket No. 6) is **GRANTED**.

Dated: September 21, 2007

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge